# EXHIBIT "E"

**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

**In the Matter of the Arbitration between**

**Case Number: 01-19-0003-3665**

**Carol Sorensen, individually and in her capacity as Executor of the Estate of Soren Christian Sorensen** (**"Claimant"**)
**-vs-**
**Multi-Level Mom, LLC dba TK's Toy Box; Snapo Toys, LLC; and Tara Kennedy-Kline** (**"Respondents"**)

**FINAL AWARD**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated June 17, 2019, and having been duly sworn, and having duly heard the proofs and allegations of Claimant, represented by Thomas Frost, Esq., of The Frost Firm, and Respondents, represented by Robin Gray, Esq., of The Law Offices of Robin Gray, and Chad Tillman, Esq., of Tillman Wright, PLLC, and a Partial Final Award rendered February 3, 2021, hereby, FIND and AWARD, as follows:

For the reasons that follow, I grant in part and deny in part Respondents' request for attorneys' fees, costs and expenses.

**Respondents Snapo Toys, LLC and Ms. Kennedy-Kline Are The Prevailing Parties**

Respondents seek an award of $264,896.26 in fees, costs and expenses associated with this arbitration. Claimant objects to such an award, arguing that Respondents did not prevail in this arbitration because no monetary damages were awarded in favor of Respondents and instead, Respondents were required to release to Claimant unpaid royalties held in escrow. Claimant then goes on to argue that she is the prevailing party because she prevailed on her cause of action for Declaratory Relief and by getting unpaid royalties due under the License Agreement.

As reflected in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), a case that Claimant relies upon in her Objections to Respondents' Request for Attorneys' Fees and Costs, typically, a party is a prevailing party if they succeed on any significant issue in litigation which achieves some of the benefit sought in bringing suit. Respondents, Snapo Toys, LLC and Ms. Kennedy-Kline, are the prevailing parties in this arbitration because they succeeded on a significant issue and achieved some benefit sought in this arbitration. Here, the Partial Final Award denied all of Claimant's claims and found that all elements of Respondents' counterclaim of Tortious Interference with Business Relations were proven but the amount of monetary damages were not established with

sufficient certainty and were, therefore, not awarded. The Partial Final Award also made clear that Claimant denied sufficient access to, and use of, the snapo.com domain and email address and all accounts linked to the snapo.com domain. Claimant was, therefore, ordered to provide Snapo and Ms. Kennedy-Kline with whatever access levels are necessary for Ms. Kennedy-Kline to build a current version of the snapo.com website and to have full access to, and use of, snapo.com domain, the snapo.com email address and all accounts linked to the snapo.com domain. Respondents also prevailed in that Claimant was ordered to facilitate access to the high capacity Sorensen molds held at ITD and not interfere with the business relationship between Ms. Kennedy-Kline and Mr. Klomp/ITD.

**Attorneys' Fees**

Section 28 of the Settlement and License Agreement between the parties provides that any decision or award resulting from an arbitration proceeding shall include the assessment of costs, expenses and reasonable attorneys' fees. The party seeking attorney's fees has the burden to prove that the request is reasonable.

*Chad D. Tillman Declaration*

Mr. Tillman submitted a statutory declaration under 28 U.S.C. 1746 outlining the fees and costs of Tillman Wright, LLC in its representation of the Snapo Parties and asserts that he and attorney Jeremy C. Doerre provided legal services that included the performance of legal research, writing and counseling and appeared in telephonic conferences before the Arbitrator and at the evidentiary hearing. Mr. Tillman charged an hourly rate of $490.00 and Mr. Doerre's hourly rate was billed at $410.00. On August 28, 2020, it appears that a fixed fee of $15,000.00 was charged and a credit provided for time entries from August 15-21, 2020. Hence, fees for professional services from August 3-14, 2020 totaled $34,780.00 and remaining professional services were rendered for a fixed fee of $15,000.00. In total, Tillman Wright PLLC billed $49,780.00 in attorney's fees and $1,784.07 in expenses.

Tillman Wright, PLLC's attorneys' fees of $49,780.00 have been sufficiently substantiated and appear reasonable in this case.

With regard to Tillman Wright, PLLC's expenses of $1,784.07, all such expenses are related to travel. All appearances with the Arbitrator leading up to the evidentiary hearing were held by telephone and the evidentiary hearing was conducted through Zoom. Therefore, it was not necessary to engage in any travel and travel expenses are not reasonable. It is noted that Mr. Tillman's time entries for travel on August 15 and 21, 2020 were credited back when the billing changed to a fixed fee and therefore, it is not necessary to remove those time entries from the award of attorneys' fees.

*Robin J. Gray Declaration*

Ms. Gray submitted a statutory declaration under 28 U.S.C. 1746 outlining fees and costs associated with her representation of the Snapo Parties and asserts that she provided legal services that included discovery, document preparation, research, brief preparation, negotiations, preparation for and appearance at the arbitration. Ms. Gray's declaration purports to support the following fees and costs totaling $213,332.19.

| | |
|---|---|
| Ms. Gray's fees | $138,055.93 |
| AAA fees | $38,113.00 |
| Pam Gockley witness fee | $9,906.00 |
| Court reporter | $9,459.04 |
| Accountant and bookkeeper (document preparation and testimony) | $8,793.26 |
| Ms. Gray's travel and related expenses | $7,955.00 |
| Chris Stummer witness fee | $1,050.00 |

Attached support for Ms. Gray's declaration are a Snapo Toys LLC ledger for what appears to be (1) journal entries of credit card charges along with handwritten notes; (2) emails from Piper Wisniewski and Chis Stummer; (3) accounting and booking time entries from Ms. Goldcamp; (4) journal entries for Pam Gockley; and (5) Veritext Invoices for court reporting services. Each will be addressed separately.

Nowhere in the documents submitted is any reference to Ms. Gray's hourly rate, number of hours billed, fee arrangement or nature of the work provided. Journal entries with Ms. Gray's name for summary amounts are not sufficient to determine what work was performed or whether the amounts charged were reasonable. The support provided is insufficient for purposes of an award of attorneys' fees and no fees will be awarded for Ms. Gray's time.

Attached to Ms. Gray's declaration are emails from Piper Wisniewski and Chis Stummer. Based on testimony at the hearing, Ms. Wisniewski was Respondents' bookkeeper who helped reconcile Snapo's books and assist with tax returns. Ms. Wisniewski did not testify and her work is not considered a reasonable arbitration cost or expense. Chris Stummer testified at the hearing as an employee of Snapo, serving as VP of Sales & Marketing. Attached to Ms. Gray's declaration is an email from Mr. Stummer stating that he easily spent 35 hours for his testimony at a rate of $30.00 per hour. Mr. Stummer's email with no specificity is insufficient and as an employee of Snapo, costs and expenses associated with Mr. Stummer's time is not a reasonable arbitration cost or expense.

Ms. Goldcamp was tendered as an expert for Snapo at the hearing. In support of Ms. Goldcamp's fees, Ms. Gray attached a summary accounting with dates, number of hours and hourly rate of Ms. Goldcamp, along with some notes for time entries. While certain of Ms. Goldcamp's time entries appear to relate to the arbitration, during numerous conferences with counsel on discovery disputes, I was repeatedly advised that Ms. Goldcamp was assisting with Respondents' accounting records for tax purposes. During the arbitration, Ms. Goldcamp testified that she had been spending time getting the books up to date to prepare accurate tax returns. Because I have limited information before me about the nature of Ms. Goldcamp's work, the only time entries that will be accepted are those related to the arbitration itself, which total 6.2 hours at $145.00 per hour, equaling $899.00. There appears to be a duplicate entry on

11/17/20 for 2:20 hours that was excluded. Only those entries below are accepted for purposes of this award.

| | | |
|---|---|---|
| 11/9/2020 | 1:50 | meet with Robin |
| 11/14/2020 | 2.20 | help with lawsuit questions |
| 11/17/2020 | 1:30 | arbitration |
| 11/19/2020 | 1:20 | testify before arbitrator |

Also attached as support for Ms. Gray's declaration is a listing of what appears to be testing and tech support for Snapo issues totaling 79.25 hours at a consulting rate of $125.00 which, based on a handwritten note, appears to be related to Pam Gockley. Ms. Gockley testified at the evidentiary hearing as Snapo's webmaster. Although Ms. Gray summarized Ms. Gockley's time as a "witness fee", the time entries begin on June 29, 2019 and only one time entry relates to testimony. Ms. Gockley's fees lack support and will not be accepted as a reasonable cost or expense for purposes of this award.

The Veritext invoices and summaries sufficiently substantiate costs associated with court reporting services totaling $9,459.04 and these costs will be accepted for purposes of this award.

For the foregoing reasons, Respondents, jointly and severally, are awarded $49,780.00 (Forty Nine Thousand Seven Hundred Eighty Dollars and No Cents) for Tillman Wright, PLLC's attorneys' fees and costs totaling $9,459.04 (Nine Thousand Four Hundred Fifty-Nine Dollars and Four Cents) associated with Veritext and $899.00 (Eight Hundred Ninety-Nine Dollars and No Cents) associated with expert witness, Ms. Goldcamp. Therefore, Claimant shall pay Respondents the sum of $60,138.04 (Sixty Thousand One Hundred Thirty-Eight Dollars and Four Cents) for attorneys' fees and expenses.

The administrative fees of the American Arbitration Association totaling $18,575.00, and the compensation of the arbitrator totaling $69,674.50 shall be borne as incurred.

All other requests for fees, expenses or costs are denied.

In all other respects, the Partial Final Award dated February 3, 2021 remain in full force and effect.

3/26/21 ________________________________

Date Sandra A Jeskie, Arbitrator

I, Sandra A. Jeskie, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument, which is my Award.

3/26/21 ________________________________

Date Sandra A Jeskie, Arbitrator