IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNAPO TOYS, LLC<br>Plaintiff<br><br>v.<br><br>CAROL SORENSEN<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No. 5:26-cv-07419-JFL |

**ORDER**

AND NOW, this ___ day of _________________________, 2026, upon consideration of the First Amended Complaint and Motion of Snapo Toys, LLC ("Plaintiff") for Preliminary Injunction, as well as any opposition submitted by Defendant, Carol Sorensen ("Defendant") and, after notice and an opportunity to be heard, having determined that:

1. Plaintiff has demonstrated a reasonable probability of success on the merits of its claims concerning Defendant's cooperation and access obligations under the Settlement and License Agreement and prior Awards;
2. Plaintiff has demonstrated that, absent preliminary relief, it is more likely than not to suffer immediate and irreparable harm through loss of the National Retailer Relationship, national distribution access, goodwill, and commercial opportunities that cannot adequately be restored by monetary damages;
3. The balance of equities favors limited relief because forwarding a brand registry verification code and confirming Plaintiff's existing licensed status does not transfer ownership of the SNAPO trademark, waive any royalty claim, or finally adjudicate the parties' underlying contractual dispute; and

4. The public interest favors preserving existing contractual rights and the meaningfulness of the parties' agreed arbitration while preventing avoidable destruction of an ongoing commercial relationship.

IT IS HEREBY ORDERED AND DECREED THAT:

1. A preliminary injunction is hereby issued directing Defendant, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee and/or representative of Defendant who receives actual notice of this Order as follows:
   a. Defendant shall, within twenty-four (24) hours after receiving actual notice of this Order, forward to Plaintiff any current National Retailer brand-registry verification code for SNAPO received by Defendant, her counsel, or her agents, and thereafter promptly forward any replacement or renewed code received while this Order remains in effect;
   b. Upon reasonable request from the National Retailer or another identified commercial partner, Defendant shall provide written confirmation that Plaintiff is Defendant's exclusive licensee and an authorized manufacturer, marketer, distributor, and seller of licensed SNAPO-branded products under the Settlement and License Agreement, without prejudice to Defendant's ownership of the SNAPO trademark or any preserved royalty claim;
   c. Defendant shall provide Plaintiff the administrative access to snapo.com, associated website and email hosting, and official Snapo Brand social-media accounts required by Paragraph 37 of the Settlement and License Agreement, to the extent those assets are owned or controlled by Defendant;

d. Defendant shall reasonably cooperate in protecting and maintaining the licensed Snapo Brand, including cooperation reasonably necessary to complete the National Retailer's brand-verification and onboarding process;

e. Defendant shall refrain from interfering with or making statements inconsistent with Plaintiff's existing licensed authority or Plaintiff's National Retailer onboarding and other commercial relationships; and

f. Nothing in this Order adjudicates the amount or validity of any royalty claim, ownership of the SNAPO trademark, the ultimate merits of the parties' claims or defenses, or any issue reserved for arbitration.

2. Pursuant to Fed. R. Civ. P. 65(c), Plaintiff shall post security in the amount of $____________, or such other amount as the Court deems proper.

3. This Order is effective upon entry and actual notice to Defendant.

4. This Order shall remain in full force and effect until further order of this Court, including as appropriate in light of any interim or final ruling in the parties' arbitration.

BY THE COURT:

____________________________________ J.