IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNAPO TOYS, LLC | : | |
| Plaintiff | : | Civil Action No. 26-cv-07419 |
| | : | |
| v. | : | |
| | : | |
| CAROL SORENSEN | : | |
| Defendant | : | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)**

## I. STATEMENT OF FACTS

The Plaintiff, Snapo Toys, LLC (the "Plaintiff"), brought this action against the Defendant, Carol Sorensen (the "Defendant"), to remedy Defendant's continuing course of conduct that has prevented Plaintiff from exercising its exclusive licensed rights, disregarded binding arbitration awards, withheld access to core business assets, and jeopardized existing and prospective commercial relationships. Plaintiff's First Amended Complaint seeks damages for Defendant's breach of contract; tortious interference with contractual relations; tortious interference with prospective contractual relations; tortious interference with business relations; and conversion. Plaintiff also seeks a declaratory judgment as to its rights and injunctive relief.

Defendant is, upon information and belief, a resident of the Cayman Islands. During the course of prior litigation matters between the parties hereto, Plaintiff has attempted to serve Defendant with various process, but those efforts were unsuccessful because Defendant has successfully evaded service of process in the U.S. and the Cayman Islands, despite being represented by Counsel at all times. In this instance, Defendant participated in a conference call on September 25, 2026, with her trademark counsel, Michael P. Eddy, Esquire; Plaintiff; and Plaintiff's counsel. Thereafter, Plaintiff filed the instant action and, on October 13, 2026, sent an

email to Attorney Eddy and Ms. Sorensen with a copy of the First Amended Complaint, Summons, and an Acceptance of Service Form. Defendant, and her counsel, were asked to advise by October 14, 2026 whether they would accept service of process of the First Amended Complaint and Summons. Neither Defendant, nor Attorney Eddy, has responded to the request that service be accepted voluntarily. Such lack of response is consistent with Defendant's effort to avoid service in prior actions.

## II. STATEMENT OF THE QUESTIONS INVOLVED

WHETHER THIS HONORABLE COURT SHOULD GRANT AN ORDER AUTHORIZING SERVICE OF PROCESS ON THE DEFENDANT BY INTERNATIONAL MAIL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(F)?

**Suggested Response: Yes.**

## III. SUMMARY OF ARGUMENT

There are three provisions under which Federal Rule of Civil Procedure 4(f) authorizes service of process on an individual in a foreign country by international mail. This matter meets each of the three standards supporting that manner of service.

First, under the Hague Convention authorizes service by mail is permissible if the receiving country has not objected to service by mail and service by mail is authorized under otherwise applicable law. *See* Fed R. Civ. P. 4(f)(1). The Hague Convention extends to the Cayman Islands, which has not objected to service by mail and service of process by mail is authorized here by Rule 4(f)(2)(C)(ii) and by an order of this Court under Rule 4(f)(3).

Second, where an international agreement allows but does not specify other means, service is permissible by a method that is reasonably calculated to give notice. *See* Fed. R. Civ. P. 4(f)(2)(C)(ii). As set forth more fully below, this requirement is met here as well.

Third, service may be made on an individual in a foreign country "by other means not prohibited by international agreement, as the court orders." *See* Fed. R. Civ. P. 4(f)(3). Service on Defendant by international mail would not violate any international agreement and is reasonably calculated to provide notice to the Defendant. In fact, Defendant already has actual notice of this action. As such, the Court may grant the requested relief.

## IV. ARGUMENT

The Court may authorize service on an individual in a foreign country by international mail where any one of three provisions enumerated in Federal Rule of Civil Procedure 4(f) are met. This Court previously noted that

> [p]ertinent parts of Rule 4(f), which governs service upon individuals and corporations in a foreign country, allow for service of process:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means ... by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; ... or
>
> (C) unless prohibited by the foreign country's law, by: ...
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

*Marks v. Alfa Group*, 615. F.Supp.2d 375, 377 (E.D.Pa. 2009) (quoting Fed. R. Civ. P. 4(f)).

As set forth more fully below, the pending circumstances warrant authorization to serve Defendant by international mail under each of these standards.

a. The Hague Convention permits service on the Defendant by international mail as required under Federal Rule of Civil Procedure 4 (f)(1).

As set forth above, Rule 4 (f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Under the Hague Convention "service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law." *Perlman v. Grant Thornton Cayman Islands*, 2024 WL 1406351, *1 (S.D. Fla. Jan. 31 , 2024) (quoting *Water Splash, Inc. v. Menon*, 581 U.S. 271, 284 (2017). Relevant hereto, "the Cayman Islands is a signatory to the Hague Convention and has not objected to service by mail." *Perlman,* 2024 WL 1406351 at *1.

Here, Defendant is located in the Cayman Islands. The second *Water Splash* condition is also satisfied, because service by mail is authorized by Rule 4(f)(2)(C)(ii) and by an order of this Court under Rule 4(f)(3). Pursuant to Rule 4 (f)(1), as set forth above, this Court may permit Plaintiff to serve process on Defendant by international mail.

b. Federal Rule of Civil Procedure 4 (f)(2) authorizes service by international mail on Defendant as such process is reasonably calculated to provide her with notice.

In instances where there may be no internationally agreed manner of providing service, or where an international agreement allows but does not specify other means, the Court is authorized to allow service "by a method that is reasonably calculated to give notice"

> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; ... or
>
> (C) unless prohibited by the foreign country's law, by: ...
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

*See* Fed.R.Civ.P. 4 (f)(2).

Service by mail is not precluded by the Hague Convention nor is such service prohibited by the Cayman Islands. *Perlman,* 2024 WL 1406351 at *2. Accordingly, service by international mail on Defendant in the Cayman Islands is contemplated by, and complies with, Rule 4 (f)(2).

c. <u>The Court is authorized to permit service by international mail as a matter of discretion where not prohibited by international agreement.</u>

Rule 4 (f)(3) permits service "by other means not prohibited by international agreement, as the court orders." Fed.R.Civ.P. 4 (f)(3). For service to be authorized under this section, "(1) service must be directed by the court, (2) it must not be prohibited by international agreement, and (3) due process requires that it must be 'reasonably calculated' to give notice to a defendant." *Perlman,* 2024 WL 1406351 at *2 (internal citations omitted).

As set forth above, service by mail on Defendant is not prohibited by international agreement. Service by international mail is reasonably calculated to provide notice to Defendant of the pending action. Further, on October 13, 2026, Plaintiff's counsel sent an email to Defendant's known email address and the email address of Defendant's known counsel, Attorney Eddy. Plaintiff's counsel has communicated with both Defendant and Attorney Eddy through the same email addresses in recent weeks and received no notifications that the emails were undeliverable.

It is also noteworthy that, on October 5, 2026, Defendant served Plaintiff with a "Notice of Breach" of a Settlement and License Agreement between the parties (the "Notice").[1] Defendant sent said Notice to Plaintiff via the same email address used to provide Defendant with the First Amended Complaint and Summons. The Notice directed Plaintiff to communicate with her counsel, Attorney Eddy. Finally, the Notice referenced the initial Complaint "filed on September 25, 2026 in <u>Snapo Toys v. Sorensen</u>, No. 5:26-cv-07419 (E.D.Pa.)." Thus, clearly

[1] A copy of said Notice, without accompanying royalty schedule, is attached hereto as Exhibit "A."

Defendant has already been provided notice of this action and service to her by international mail would further provide additional notice.

Accordingly, Plaintiff submits that the Court should also permit service of process on Defendant by international mail pursuant to Rule 4(f)(3).

## V. CONCLUSION

For the foregoing reasons, Plaintiff, Snapo Toys, LLC, submits that this Motion for Order Authorizing Service of Process Pursuant to Federal Rule of Civil Procedure 4(f) should be granted and Plaintiff permitted to serve the Defendant, Carol Sorensen, by international mail.

Respectfully submitted,

**BARLEY SNYDER LLP**

By: ________________________

Kevin A. Moore, Esquire
Attorney I.D. No. 75068
Joseph Falcon, Esquire
Attorney I.D. No. 94658
Thad M. Gelsinger, Esquire
Attorney I.D. No. 208233
2755 Century Boulevard
Wyomissing, PA 19610
610-372-3500
kmoore@barley.com
jfalcon@barley.com
tgelsinger@barley.com
*Attorneys for Plaintiff*