# EXHIBIT "A"

**From:** **carol sorensen** carolsorensen01@gmail.com
**Subject:** Snapo Toys, LLC - Formal Notice of Breach under Section 12
**Date:** October 1, 2026 at 11:04 PM
**To:** tara@snapo.com, Tara Kennedy-Kline tarakennedykline@gmail.com, Tara Kennedy-Kline snapo.toys@gmail.com, Tara Kennedy-Kline tara@tkstoybox.com
**Cc:** chad@ti-law.com, kmoore@barley.com, Michael P. Eddy meddy@patent.org

Dear Tara and Counsel,

Please find attached my formal Notice of Breach under Section 12 of the Settlement and License Agreement effective June 17, 2019.

Please acknowledge receipt of the attached notice. The notice sets out the breaches and the actions required to cure them within ninety (90) days after receipt.

As stated in the notice, please direct all responses and further communications regarding this matter to my counsel, Michael P. Eddy, at meddy@patent.org.

Regards,

Carol Sorensen

**Section 12 Notice of Breach.pdf**

# NOTICE OF BREACH UNDER SECTION 12 OF THE SETTLEMENT AND LICENSE AGREEMENT

**From:** Carol Sorensen ("Licensor"), P.O. Box 31096, Grand Cayman KY1-1205, Cayman Islands

**To:** Snapo Toys, LLC ("Licensee"), Attention: Tara Kennedy-Kline, 105 W. 9th Street, Shoemakersville, Pennsylvania 19555; Tara@TKsToyBox.com

**Copy under Section 23:** Chad D. Tillman, Tillman Wright, PLLC, P.O. Box 49309, Charlotte, North Carolina 28277; chad@ti-law.com

**Copy to Licensee's counsel:** Kevin A. Moore, Esq., Barley Snyder LLP, 2755 Century Boulevard, Wyomissing, Pennsylvania 19610; kmoore@barley.com

**Re: Settlement and License Agreement effective June 17, 2019 (the "Agreement")**

**1. Notice.** Licensor gives Licensee written notice under Section 12 of the Agreement that Licensee is in breach of the Agreement in the respects stated in paragraph 2. Capitalized terms have the meanings given in the Agreement.

**2. Breaches.**

(a) Royalty Reports and Royalties (Section 5). Licensee has delivered no Royalty Report and paid no Royalty for any calendar quarter after the fourth quarter of 2022. The $9,526.40 that Licensee acknowledged on February 14, 2023 to be due for the fourth quarter of 2022 has not been paid. The one-page table of fiscal-year totals that Licensee's counsel sent on September 28, 2026 is not a Royalty Report.

(b) Minimum quarterly royalties (Section 6). Licensee has never paid a minimum quarterly royalty. The amounts for the third quarter of 2022 through the second quarter of 2026 are set out in Schedule A. A further $15,433.00 falls due on October 30, 2026.

(c) Records (Section 5). Licensee has not provided the itemized records of Deducted Amounts that Section 5 requires to accompany each Royalty Report, or the supporting documents that Licensor requested on May 16 and June 13, 2022 and September 15, 2026 and that her counsel requested on July 9, 2024.

(d) Insurance (Section 4). Licensor has never received a certificate or other evidence that Licensee maintains property insurance covering the Sorensen Molds with Licensor named as an additional insured. Unless Licensee provides that evidence, Licensor treats the insurance as not maintained.

(e) The Snapo Brand (Sections 3, 3.A and 8). Licensee applied to register SNAPO JR., a mark of the Snapo Brand, in its own name in application Serial Nos. 98/348,736 and 99/807,473, each supported by a declaration that the applicant is believed to own the mark and each claiming dates of first use in 2015, before Licensee existed, which can only refer to use by Licensor's former licensee, Vision; it uses the domain name snapo-toys.com without Licensor's written consent; and in the complaint it filed on September

25, 2026 in Snapo Toys, LLC v. Sorenson, No. 5:26-cv-07419 (E.D. Pa.), it asserts that the know-how, technology and intellectual property relating to Snapo products, including the trademarks and goodwill, were to become its property under a 2019 asset purchase agreement with Vision. To the extent Licensee contends that SNAPO JR. is not a mark of the Snapo Brand, its manufacture and marketing of interlocking toy building elements under that name breaches Section 4.

**3. Cure.** To cure, Licensee must, within ninety (90) days after receipt of this notice:

(i) deliver a Royalty Report complying with Section 5 for each calendar quarter from the first quarter of 2023 through the most recent quarter then ended, including all sales of SNAPO JR. products, with the records of Deducted Amounts that Section 5 requires;

(ii) pay all Royalties and minimum quarterly royalties due for the third quarter of 2022 and every later quarter, as set out in Schedule A and as they fall due during the cure period, with interest at the legal rate;

(iii) deliver a certificate of property insurance for the Sorensen Molds naming Licensor as an additional insured; and

(iv) file an express abandonment of application Serial No. 99/807,473, which is void because Licensee did not own the mark when it was filed; undertake in writing not to revive application Serial No. 98/348,736 and not to file any further application for a mark containing SNAPO; transfer the snapo-toys.com registration to Licensor or stop using it; and confirm in writing that Licensor owns the Snapo Brand, including SNAPO JR.

**4. Consequences.** Under Section 12, if Licensee does not cure to Licensor's reasonable satisfaction within ninety days after receipt of this notice, the Parties are to meet and confer in good faith for a further fifteen days, and if that is unsuccessful the Agreement terminates automatically at the end of the fifteen days. On termination for Licensee's uncured breach, Licensee has sixty days to fulfill existing obligations to third parties and to sell off Licensed Products under the terms of the Agreement and must account for them within ninety days (Section 12); Licensor may take possession of the Sorensen Molds (Section 14); Licensor's option to purchase the Snapo Molds and the Machines becomes exercisable (Section 16); and Section 17 applies for two years.

**5. Reservation of rights.** This notice is given without prejudice to every other right and remedy of Licensor under the Agreement, the Award and the law, including her right to arbitrate all claims under Section 28 and her position that the claims in the action Licensee filed on September 25, 2026 must be arbitrated. It is not an election of remedies, a waiver under Section 22 or a change to the Agreement under Section 30, and it does not limit the breaches on which Licensor may rely. Nothing that Licensor or her counsel does to cooperate with Licensee before or during the cure period, including providing any brand registration code or confirmation of license at Licensee's request, waives any breach or extends any period.

**6. Communications.** Licensee is represented by counsel. Any response to this notice, and the meeting and conferring that Section 12 provides for, should be directed to Licensor's counsel:

Michael P. Eddy, Law Office of Michael P. Eddy, 12544 High Bluff Drive, Suite 200, San Diego, California 92130; (858) 345-1098; meddy@patent.org.

Carol Sorensen

Carol Sorensen, Licensor

Date: 10/1/2026