UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SNAPO TOYS, LLC<br>Plaintiff,<br><br>v.<br><br>CAROL SORENSEN<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:26-cv-7419 |

**O R D E R**

**AND NOW**, this 19th day of October, 2026, upon consideration of Plaintiff's Motion for Order Authorizing Service of Process Pursuant to Federal Rule of Civil Procedure 4(f), ECF No. 10, seeking service of the Summons, First Amended Complaint, and this Order by international mail, **IT IS HEREBY ORDERED THAT** Plaintiff's motion, ECF No. 10, is **GRANTED in part**[1]**, as follows**:

---

1 Plaintiff requests that the Court permit service on Defendant, who is "on information and belief" a resident of the Cayman Islands, by international mail to P.O. Box 31096, Grand Cayman KY1-1205, Cayman Islands. Plaintiff has attached an exhibit to its motion which indicates that Defendant has previously listed this P.O. Box as her mailing address. Plaintiff's exhibits also show that Defendant has apparently communicated with Plaintiff from an email account, carolsorensen01@gmail.com.

Federal Rule of Civil Procedure 4(f)(1) permits service on an individual in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." In addition, Federal Rule of Civil Procedure 4(f)(3) permits service "by other means not prohibited by international agreement as the court orders." "This is 'a catch-all provision that enables the court on ex parte motion to devise a method of service responsive to the unique facts of the case." *Knit With v. Knitting-Fever, Inc.*, Nos. 08-4221 & 08-4775, 2010 U.S. Dist. LEXIS 70412, at *30-31 (E.D. Pa. July 13, 2010) (quoting Fed. R. Civ. P. 4(f)(3) advisory committee notes). "[T]he Cayman Islands is a signatory of the Hague Convention and has not objected to service" through postal channels, as permitted by Article 10(a) of the Hague Convention. *Perlman v. Grant Thornton Cayman Is.*, No. 1:24-cv-20188-KMM, 2024 U.S. Dist. LEXIS 62668, *2 (S.D. Fla. Jan. 31, 2024). Thus, the Court finds that international mail is authorized by the applicable international agreement and is not prohibited by the Cayman Islands.

1. Plaintiff may serve Defendant under Fed. R. Civ. P. 4(f) via international mail to P.O. Box 31096, Grand Cayman KY1-1205, Cayman Islands. If Plaintiff elects to serve Defendant via international mail, it must also serve Defendant via email to carolsorensen01@gmail.com.
2. **If Plaintiff elects to serve Defendant by international mail and email, on or before January 14, 2027**, Plaintiff must file an Affidavit of Service detailing its efforts to serve Defendant. Failure to provide proof of service as to Defendant will result in Defendant being dismissed.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*______________
JOSEPH F. LEESON, JR.
United States District Judge

---

However, the Court must also determine that service by international mail "comports with constitutional notions of due process." *Graphic Styles/Styles Int'l LLC v. Vinnie's Int'l H.K. Custom Tailors*, No. 17-02713, 2018 U.S. Dist. LEXIS 12025, at *5. Although international mail to Defendant's Cayman Islands P.O. Box may provide adequate notice to Defendant with regard to Plaintiff's suit, the Court is not satisfied that this alone "satisf[ies] constitutional notions of due process." *Id.* at *5-6. Thus, the Court finds Plaintiff may serve Defendant by international mail under Federal Rule of Civil Procedure 4(f)(3), but must additionally attempt service upon the email account purportedly maintained and recently used by Defendant. *See id.*; *see also Genus Lifesciences Inc. v. Tapaysa Eng'g Works Pvt. Ltd.*, No. 20-CV-3865, 2021 WL 915662, at *4-5 (E.D. Pa. Mar. 10, 2021) (finding that service by email is also permissible under the Federal Rules of Civil Procedure Rule 4(f)(3) as long as such service is not prohibited by international agreement and comports with due process). The exhibits certified by Plaintiff's counsel and attached to the instant motion indicate that Defendant has listed the Cayman Islands P.O. Box as her mailing address and has actually communicated with Plaintiff and its counsel through the above-mentioned email account. Therefore, the Court believes that service of process upon both the aforementioned P.O. Box and email account is reasonably calculated to apprise Defendant "of the pendency of this action and afford [her] the opportunity to present [her] objections." *Graphic Styles*, 2018 U.S. Dist. LEXIS 12025, at *6; *see also Genus Lifesciences*, 2021 WL 915662, at *5 ("Courts have generally granted requests for [email] service where the moving party has presented some evidence that the defendant is likely to actually receive the [email] containing the Summons and Complaint.").